UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ANU WHITE, | ) |
| Plaintiff, | ) No. 5:23-CV-330-REW |
| v. | ) |
| DANIEL AKERS and DAMON HININGER, | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | ) |

*** *** *** ***

Plaintiff Anu White is an inmate confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. White has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. *See* DE 1 (Complaint). The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

White indicates that on November 11, 2022, he was involved in a physical altercation with an LAC officer during which he sustained injuries to his neck and back. The officer allegedly left the cell without reporting the incident. Other LAC officers discovered White lying on the floor of his cell, placed him in a wheelchair, and took him to the medical department. White states that someone – he does not identify who – failed to provide immediate medical care for his injuries.

1

However, he also summarizes a response from the Healthcare Grievance Committee, in which the Committee stated that on the day of the altercation medical staff administered toradol (a pain medication) and depo-medrol (an anti-inflammatory pain medication used to treat arthritis) by injection, and x-rays were ordered and completed. White alleges that after an appointment eleven days later, he was not called back to the medical department for further follow up. White alleges that another LAC officer, the son of the attacking officer, harassed him. *See generally* DE 1 at 5-7; DE 1-2 at 1-4 (Declaration).

White has not sued any of the officers involved. Instead, he names as defendants only LAC Warden Daniel Akers and Damon Hininger, the chief executive officer of Core-Civic, both in their individual and official capacities. He seeks monetary compensation. *See* DE 1 at 2, 5. Apart from naming him as a defendant, White makes no mention of Hininger in the complaint. As for Warden Akers, White states only that the unidentified LAC officers "work[ed] under the delegated authority" of Akers. *See* DE 1-2 at 1.

The Court will dismiss the complaint upon initial screening. White states that he filed inmate grievances regarding these matters, but his allegations indicate that he did not fully exhaust his administrative remedies. White indicates that he "appealed as far as the warden," DE 1 at 7 (Complaint), and filed grievances "at the institutional level," DE 1-2 at 2 (Declaration). However, the Kentucky Department of Corrections Policies and Procedure ("CPP") require further appeals if relief is not received. *See* CPP 14.6 § (II)(J)(3)(d) (July 20, 2021) ("A grievant who is not satisfied with the Warden's decision may appeal that decision to the Commissioner."); CPP 14.6 § (II)(K)(2)(f) (July 20, 2021) ("If the grievant is dissatisfied with the [Healthcare Committee]'s recommendation, he may appeal the grievance for final administrative review."). White failed to take these available steps, rendering his claims unexhausted. *See Hartsfield v. Vidor*, 199 F.3d 305,

309 (6th Cir. 1999) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies ...") (cleaned up). This alone warrants dismissal. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

There is, though, a more fundamental defect to White's complaint: it fails to state a viable claim against either named defendant. With respect to defendant Hininger, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). White makes no allegations against defendant Hininger at all. While "the federal pleading standard is quite liberal ... there is still a standard to meet." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021). Where, as here, the complaint does not provide any factual basis for the claims set forth in the complaint, it must be dismissed for failure to state a claim. *See Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008). White's attempt to inculpate Warden Akers is likewise in vain. An official is not vicariously liable for the misdeeds of his subordinates solely because of his supervisory role because *respondeat superior* is not an available theory of liability under § 1983. *Polk County v. Dodson*, 102 S. Ct. 445, 453-54 (1981); *Peatross v. City of Memphis*, 818 F. 3d 233, 241 (6th Cir. 2016). White does not allege facts indicating that Akers "encouraged the specific incident of misconduct or in some other way directly participated in it." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). White therefore fails to state a claim against either defendant, requiring dismissal of the complaint.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** plaintiff Anu White's DE 1 complaint. The dismissal is without prejudice given the grounds cited and potential to cure the dismissal bases; and

2. The Court **STRIKES** this matter from the docket.

This the 8th day of December, 2023.

Signed By:
Robert E. Wier   REW
United States District Judge